```
             UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Bettylea Lydia Labrecque

    v.                                          Civil No. 14-cv-119-JL
                                                    Opinion No. 2015 DNH 098

Carolyn Colvin, Acting Commissioner,
Social Security Administration

**ORDER ON APPEAL**

Bettylea Lydia Labrecque appeals the Social Security Administration's ("SSA") denial of her application for disability benefits. An Administrative Law Judge ("ALJ") found that Labrecque suffered from depression, borderline intellectual functioning, and attention deficit disorder. The ALJ nevertheless found that Labrecque was not disabled within the meaning of the Social Security Act because she has sufficient residual functional capacity ("RFC") to work at jobs that exist in significant numbers in the national economy. See 42 U.S.C. § 423(d)(2)(A). The SSA Appeals Council subsequently denied Labrecque's request for review of the ALJ's decision, rendering the ALJ's decision final. Labrecque timely appealed to this court, pursuant to 42 U.S.C. § 405(g). In due course, Labrecque moved to reverse the SSA's decision and SSA's Acting Commissioner moved to affirm the denial of benefits.

The gravamen of Labrecque's argument is that the ALJ erred in considering certain testimony from a vocational expert in

determining Labrecque's RFC and her ability to work.  She also claims the ALJ failed to question the expert about an alleged conflict between the expert's testimony and the Dictionary of Occupational Titles.  After careful consideration of the parties' arguments and the administrative record, the court finds the record evidence sufficient to support the ALJ's decision.  Therefore, Labrecque's motion is denied and the Acting Commissioner's motion is granted.

I.  **Standard of Review**

The court's review of SSA's final decision "is limited to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence."  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  The ALJ's decision will be upheld if it supported by substantial evidence, that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted).  It is something less than a preponderance but "more than a mere scintilla."  Id.; Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).  The possibility of drawing two inconsistent conclusions from the evidence does not preclude a finding of substantial evidence.  Consolo, 383 U.S. at 620.  Accordingly, the ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial

evidence, even if contrary results are supportable. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 2 (1st Cir. 1987). The court next turns to the ALJ's decision.

## II.  **Background**[1]

In analyzing Labrecque's application, the ALJ invoked the required five-step process. See 20 C.F.R. § 416.920. First, he concluded that Labrecque had not engaged in substantial work activity after the October 2011 benefit application filing date. Next, the ALJ determined that Labrecque suffered from three severe impairments: depression, borderline intellectual functioning and attention deficit disorder.[2] See 20 C.F.R. § 416.1920(c). At the third step, the ALJ concluded that Labrecque's impairments, either individually or collectively, did not meet or "medically equal" one of the listed impairments in the Social Security regulations. See 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. The ALJ next found that Labrecque had the RFC to perform a full range of work at all exertional limits, but

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts is incorporated by reference. See L.R. 9.1(d).

[2]  The ALJ rejected Labrecque's claims of disabling kidney disease and renovascular hypertension, finding them unsupported by the medical record. Labrecque has not challenged that portion of the ALJ's ruling.

with several non-exertional limitations: she may only have superficial interaction with the general public; she is limited to performing simple, routine tasks with no detailed instructions and only occasional decision-making; and she may be subject to no more than occasional workplace changes. Given that the ALJ found that Labrecque had no past relevant work history, the ALJ proceeded to step five, at which the SSA bears the burden of showing that a claimant can perform other work that exists in the national economy. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). Here, the ALJ, relying heavily on testimony from a vocational expert, found that Labrecque's RFC would permit her to perform such jobs as photographic mounter (of which there approximately 230 jobs in New Hampshire and 49,000 nationally), touch-up screener (500/20,000); and optical goods polisher (130/73,000). Accordingly, the ALJ found Labrecque not disabled, within the meaning of the Social Security Act. The final step is the focus of Labrecque's appeal. The court addresses her arguments seriatim.

### III. Analysis

1. Reasoning Ability

Labrecque first argues that the job descriptions the ALJ ultimately accepted require reasoning ability that exceeds Labrecque's RFC because they all require the capacity to execute

4

detailed instructions, yet the ALJ previously concluded that Labrecque could not do so.  The court disagrees.  As Labrecque correctly observes, the DOT assigns the three identified jobs a General Education Development Reasoning Development (GED-R) value of 2.  And, Labrecque notes, that value requires a worker to be able to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions."  Labrecque argues that this requirement is inconsistent with the hypothetical the ALJ posed to the vocational expert, which asked him to consider an individual limited to, among other things, "simple, routine tasks [and] no detailed instructions; only occasional decision-making."

As Judge McAuliffe recently observed, however, a "majority of district and circuit courts [have held] that an RFC limiting a claimant to 'simple instructions' does not, standing alone, eliminate positions identified in the DOT as requiring Level 2 reasoning." Hebert v. Colvin, 2014 DNH 166, 15.  Judge McAuliffe approvingly cited cases in the Districts of Maine and Massachusetts that adopted the reasoning of Meissl v. Barnhart, 403 F. Supp. 2d 981, 983-84 (C.D. Cal. 2005),

> which contrasted the Social Security Administration's separation of a claimant's ability to understand, remember, and carry out instructions into merely two categories ("simple" and "detailed") with the DOT's more graduated scale of six reasoning levels, and determined that the use of the terms "simple" and

> "detailed" in the Social Security regulations cannot
> necessarily be equated with the use of the same words
> in the GED reasoning scale.  The court in Meissl also
> highlighted the fact that the term "detailed" in the
> GED reasoning level 2 appears as part of the phrase
> "detailed but uninvolved" - "that is, not a high level
> of reasoning." Meissl, 403 F. Supp. 2d at 985.

Hebert, 2014 DNH 166, 14-15 (quoting Lafrennie v. Astrue, No. 09-40143, 2011 WL 1103278, *7-*9 (D. Mass. Mar. 23, 2011)); see also Pepin v. Astrue, No. 09-464, 2010 WL 3361841 (D. Me. Aug. 24, 2011).

Here, Labrecque's RFC limited her to simple instructions. Given the "incongruity that exists between the Social Security regulations and the DOT," Augur v. Astrue, 792 F. Supp. 2d 92, 95 (D. Mass. 2011), the court sees no inconsistency between the ALJ's jobs finding and his RFC.  The "uninvolved qualification in Level 2 downplays the rigors of Level 2 instructions and brings them in line with an ALJ's limitation of job duties to 'simple' tasks." Thompkins v. Astrue, No. 09-C-1339, 2010 WL 5071193 *11 (N.D. Ill. Dec. 6, 2010).

2.  ALJ's Failure to Inquire

Labrecque's second argument is that the ALJ failed to ask the vocational expert about the purported conflict between his opinion and the DOT, as required by SSR 00-4p. 2000 WL 1898704. While the ALJ did not so inquire, the court's previous finding renders the error harmless.  "Without any inconsistency [between

6

the expert's testimony and the DOT] there was nothing for the [expert] to explain." Baker v. Astrue, (McCafferty, Mag. J.), adopted by 2012 DNH 002 (Jan. 3, 2012).

3. RFC and Social Functioning

Labrecque's final argument is that the ALJ erred by not further limiting her RFC beyond "superficial interactions with the general public." The ALJ relied principally on the findings of David Paris, Ph.D., a consulting examiner. On the issue of social interaction, Dr. Paris concluded that Labrecque would be able to "get along with supervisors, coworkers, the general public . . . at least on the superficial level required for most job situations." Labrecque seeks to discount Dr. Paris's opinion by noting that he also observed that she "seemed peculiar," laughed inappropriately on one occasion and "initially struck [him] as possibly being mentally retarded." Even if the court assumes that Dr. Paris's conclusions are internally inconsistent, resolution of such conflicts are the sole province of the ALJ. Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). The ALJ also placed considerable weight on reports from Labrecque's primary care physician, Dr. Woo, who treated Labrecque for depression and anxiety. But when asked to write a letter supporting this disability claim, he declined,

observing that he believed that "she actually can" work and she appears to be "without disability of any kind."

Labrecque's other arguments in support of a more restrictive RFC are equally unavailing.  Her reliance on reports from 2006 and 2009 are not especially probative of her condition as of her October 2011 application and going forward.[3]  Moreover, their findings that she was "immature" or "naive" neither contradict Drs. Woo and Paris nor undercut the ALJ's social functioning conclusion.  Similarly, Dr. Wojcik's 2009 finding that she "might have difficulty making decisions in a job setting and communicating in simple terms with coworkers or supervisors" is both stale and posits only a possibility of difficulties.  It was, therefore, appropriate for the ALJ not to give significant weight to  this evidence.  Finally, Labrecque argues that the ALJ gave too little weight to the Medical Impairment questionnaire submitted by Kathryn Roger, a licensed family and marriage therapist, who concluded that Labrecque had "substantial deficits" in social functioning. But contrary to Labrecque's assertion, Rodger was not an "acceptable medical source" and therefore not a "treating source" whose opinions must ordinarily

---

[3]  The older reports were created in connection with Labrecque's 2008 disability application, which was denied in 2010.  The ALJ in this matter denied Labrecque's motion to reopen the 2008 application, a decision which is not before this court.

8

be given controlling weight.  See Ormon v. Astrue, 497 F. App'x 81, 84 (1st Cir. 2012); 20 C.F.R. §§ 416.902, 416.913(d)(1) (Defining "treating source" as, inter alia, an "acceptable medical source" and excluding therapists).  While it would have been improper for the ALJ to ignore the Rodger opinion, see Alcantara v. Astrue, 257 F. App'x 333, 334-35 (1st Cir. 2007), the ALJ here "gave [the] opinion little weight," which he was entitled to do.

## IV.  Conclusion

Ultimately, this court "must uphold the [SSA's final decision], even if the record could justify a different conclusion, so long as it is supported by substantial evidence." Tsarelka v. Sec'y of Health and Human Servs., 842 F.2d 529, 535 (1st Cir. 1988).  Accordingly, while the record demonstrates that Ms. Labrecque suffers from a variety of ailments, the ALJ's decision is nevertheless supported by substantial evidence.  Claimant's motion to reverse[4] is DENIED.  Defendant's motion to affirm[5] is GRANTED.  The clerk shall enter judgment accordingly and close the case.

---

[4]Document no. 9.

[5]Document no. 10.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated: May 13, 2015

cc: Daniel McKenna, Esq.
    Robert J. Rabuck, AUSA